1

2

3

4                                                        **E-FILED on**      5/5/03

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

| | |
|---|---|
| 12  MICHAEL PERRETTA, | No. C-02-05561 RMW |
| 13              Plaintiff, | ORDER GRANTING IN PART AND |
| 14       v. | DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
| 15  CAPITAL ACQUISITIONS & | **[Re Docket No. 11]** |
| 16  MANAGEMENT COMPANY, et al., | |
| 17              Defendants. | |

18

19          Defendant's motion to dismiss plaintiff's first amended complaint was heard on May 2, 2003.  For

20    the reasons set forth below, the court grants in part and denies in part defendant's motion.

21                                    **I.  BACKGROUND**

22          This lawsuit arises from a collection letter sent by defendant Capital Acquisitions & Management

23    Company ("CAMCO") to plaintiff Michael Perretta ("Perretta") and a subsequent telephone conversation

24    between plaintiff and a CAMCO employee.  The question in the present motion is whether defendant

25    violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Fair Credit

26    Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA")[1] by way of these communications with plaintiff.

27    _____

28          [1]      Defendant also asserts that should its motion to dismiss plaintiff's federal claims be granted,
      the court should also dismiss plaintiff's pendant state law claims.

A.      **Factual Allegations**

The facts underlying this case are neither extensive nor complicated.  On August 20, 2002, defendant sent a letter to plaintiff representing that an account belonging to plaintiff had recently been purchased by CAMCO.  The letter[2] states in relevant part:

> RE: YOUR ACCOUNT WITH CAPITAL ACQUISITION AND MANAGEMENT COMPANY
>
> CURRENT BALANCE:  $6,152.69
>
> THIS LETTER IS TO NOTIFY YOU THAT YOUR HOUSEHOLD ACCOUNT WHICH WAS FORMERLY HELD BY AFFINITY FINANCIAL SERVICES LL HAS BEEN PURCHASED BY CAPITAL ACQUISITION AND MANAGEMENT COMPANY.
>
> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT (OR) OBTAIN A COPY OF JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT (OR) VERIFICATION.  IF YOU REQUEST [sic] THIS OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.
>
> TO DISCUSS, CALL. . . .
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAIN [sic] WILL BE USED FOR THAT PURPOSE.

Ex. A to Mem. of P. & A In Supp. Def.'s First Am. Compl.; *see also* Compl. ¶ 9.  Within a few days of receiving this letter, plaintiff telephoned defendant to ascertain its meaning.  Compl. ¶ 10.  One of defendant's employees told plaintiff that "they would reduce the amount of the debt if he made an immediate

---

[2]      Although the complaint specifically refers to the August 20, 2002 letter, plaintiff did not attach a copy of the letter to the complaint.  Defendant, however, has submitted a copy of what appears to be the letter.  Generally, a court ruling on a motion to dismiss may not consider any material outside the pleadings.  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).  However, "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Id.* (citing *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49).  As the complaint makes particular reference to the August 20 letter, and plaintiff has not questioned the authenticity of the document submitted by defendant, the court will consider the letter.  While the court notes a minor discrepancy between the complaint and the letter submitted by defendant in support of its motion, *cf.* Compl. ¶ 9 ("The letter shows an Account # 5415490001193847 . . . .") *with* Ex. A to Mem. of P. & A In Supp. Def.'s First Am. Compl. (containing no reference to this account number), plaintiff has not objected to the authenticity of this document.

1   partial payment by telephone." *Id.*  The employee then stated to plaintiff that "failure to agree to make

2   payment would result in the debt being reported to the credit bureaus" and that if plaintiff "did not work with

3   him, further steps would be taken." *Id.*  Plaintiff alleges that he "understood this to mean legal proceedings

4   would be commenced against him by defendants." *Id.*

5          On September 6, 2002, plaintiff's attorney sent defendant a letter requesting verification of the

6   alleged debt.  Defendant failed to provide the requested verification.  *Id.* ¶ 11.

7          Plaintiff further alleges, on information and belief, that prior to September 6, 2002, defendant had

8   been subscribed to a consumer reporting agency, and that defendant "requested, obtained, and used

9   Plaintiff's consumer report from the consumer reporting agency." *Id.* ¶ 16. Plaintiff alleges that defendant

10  did not have a lawful purpose for requesting, obtaining, and using the consumer report about plaintiff.  *Id.* ¶

11  17.

12         **B.       Defendant's Motion to Dismiss**

13         Defendant's motion seeks dismissal of plaintiff's first cause of action under the FDCPA and

14  plaintiff's third cause of action under the FCRA.  The motion is based on defendant's contention that plaintiff

15  apparently does not dispute his incurrence of the subject debt, but rather that plaintiff alleges that his debt is

16  more than 10 years old and, therefore, collection is time-barred.  From this premise, defendant first argues

17  that a debt collector does not violate the FDCPA by merely attempting to collect on a time-barred debt.

18  Defendant reasons that although the statute of limitations bars recovery of the debt through judicial

19  processes, it does not extinguish the obligation of the debtor.  *See Department of Indus. Relations v.*

20  *Seaboard Sur. Co.*, 50 Cal. App. 4th 1501, 1511 (1996).  Therefore, defendant argues, so long as

21  defendant does not threaten plaintiff with litigation, its actions are consistent with an attempt to seek

22  voluntary payment and not in violation of the FDCPA.  *See Freyermuth v. Credit Bureau Serv., Inc.*,

23  248 F.3d 767 (8th Cir. 2001); *Reese v. Arrow Fin. Serv., LLC*, 202 F.R.D. 83, 92-93 (D. Conn. 2001);

24  *Johnson v. Capital One Bank*, No. Civ.A SA00CA315EP, 2000 WL 1279661 at *2 (W.D. Tex. May

25  19, 2000).  Defendant asserts that because neither its August 20, 2002 letter, nor its telephone

26  conversation with plaintiff involved a threat of litigation, plaintiff's FDCPA claim fails.

27         Turning to plaintiff's third cause of action, defendant argues that even if plaintiff's debt were time-

28  barred, defendant's acts of requesting and receiving plaintiff's credit report are not actionable under the

1  FCRA.  Defendant argues that it, as a party who intended to use the information in the report for the

2  purpose of collecting on plaintiff's account, had a permissible purpose for requesting, receiving and using the

3  report.  *See* 15 U.S.C. 1681b(a)(3)(A) (listing permissible purposes for which a credit report may be

4  obtained).  Since defendant had a permissible purpose for requesting plaintiff's credit report, it argues that

5  plaintiff cannot state a claim on the theory that defendant acquired the credit report under false pretenses.

6  *See Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115 (E.D.N.Y. 1999).  The fact that defendant

7  could not use the legal system to collect on plaintiff's alleged debt does not foreclose its use of other

8  legitimate means to collect on the account.

9        In his opposition, plaintiff acknowledges that the heart of his claim lies in the telephone conversation

10  between plaintiff and defendant's employee, not in defendant's August 20 letter.  Plaintiff then argues,

11  relying on *Stepney v. Outsourcing Solutions, Inc.*, No. 97 C 5288, 1997 WL 772972 (N.D. Ill. Nov.

12  13, 1997), that even assuming he owns the time-barred debt, defendant's statement that it would take

13  "further steps" is sufficient to state a FDCPA claim.  Plaintiff apparently argues that while defendant did not

14  expressly use the word "litigation," its threat to take further steps violates the FDCPA.  Moreover, plaintiff

15  appears to assert, again relying on *Stepney*, that defendant's mere attempt to collect on a time-barred debt

16  violates the FDCPA.  Finally, plaintiff also asserts that (1) defendant's statement that it would report the

17  debt to credit bureaus if not paid immediately and (2) defendant's attempt to collect money from plaintiff

18  within the 30 day validation period are also actionable under the FDCPA.

19        As for his FCRA claim, plaintiff apparently argues that because it disputes the debt defendant

20  sought to collect, defendant cannot establish a debtor-creditor relationship as to plaintiff.  Thus, plaintiff

21  argues, as no such relationship exists, defendant could not have had a permissible purpose to request and

22  receive his credit report.  Furthermore, plaintiff argues that defendant obtained the credit report under false

23  pretenses by representing that it was seeking the report for permissible purposes when it really only

24  obtained the report to harass and intimidate him.

25                                **II.  ANALYSIS**

26        A.      Plaintiff's claim under the Fair Debt Collection Practices Act

27        With respect to plaintiff's first theory of recovery under the FDCPA, the instant motion boils down

28  to the following inquiry: would the least sophisticated debtor reasonably understand that defendant was

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS —C-02-05561 RMW
SJK                                                                     4

threatening litigation based on the statements made to plaintiff during his telephone conversation with the CAMCO employee?  The court concludes that under the circumstances of this case, the answer to this question is yes.

"Whether language employed in connection with the collection of debt violates the FDCPA is a question of law for the court to decide." *Van Westriennen v. Americontinential Collection Corp.*, 94 F. Supp. 2d 1087 (D. Or. 2000) (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432-33 (9th Cir. 1997)); *Baker v. Citibank (South Dakota) N.A.*, 13 F. Supp. 2d 1037, 1041 (S.D. Cal. 1998) (same); *see also Valdez v. Hunt*, No. C 01-01712 SC, 2002 U.S. Dist. LEXIS 4575 at *7-8 (N.D. Cal. March 19, 2000).  The impact of the language alleged to violate the FDCPA is judged under the "least sophisticated debtor" standard.  *Baker*, 13 F. Supp 2d at 1041.  The "least sophisticated debtor standard" is "objective, but 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'"  *Id.* (quoting *Terran*, 109 F.3d at 1432).

In the instant case, the gravamen of plaintiff's claim is not that the language in defendant's August 20 letter violates the FDCPA,[3] but that defendant's employee threatened plaintiff with litigation over a time-

---

[3]    The court recognizes that in his opposition, plaintiff argues that he states a FDCPA claim based merely on defendant's attempt to collect a time-barred debt.  The court disagrees.

While the language in the *Stepney* decision is not entirely clear, a careful reading of the decision reveals that in *Stepney*, the court concluded that the complaint at issue *sufficiently stated a claim* under the FDCPA because "Stepney alleges the violation of the FDCPA based on defendant's knowing attempt to collect time-barred debts *with threats of 'further collection action.'*" *Stepney*, 1997 WL 722972 at *5 (emphasis added).  Indeed, the court's statement that "*Kimber* and its progeny establish the viability of claims premised on a debt collector's knowing attempts to collect time-barred debts" must be read in conjunction with this statement.  Unlike the Ninth Circuit, the Seventh Circuit has held that the impact of a collection letter on an unsophisticated consumer is a question of fact, not a question of law.  *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("Whether a given message is confusing is . . . a question of fact, not of law or logic."); *Valdez*, 2002 U.S. Dist. LEXIS at 8 (noting difference between Ninth Circuit and Seventh Circuit law).  Thus, the *Stepney* court "need[ed] not resolve the issue" of whether defendant's threat of "further collection action" constituted a threat of litigation – as a matter of law – to reach its conclusion that plaintiff stated a FDCPA claim.  *Id.* at 5.  The court's subsequent reference to *Kimber* and its progeny appears to have been made with this threatened action in mind.

Moreover, the court agrees with those courts which have held that the attempt to collect a time-barred debt alone is insufficient to state a cause of action.  *See, e.g., Walker v. Cash Flow Consultants*, 200 F.R.D. 613, 615-616 (N.D. Ill. 2001); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526 (D. Md. 2001); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D.N.M. 2000).  These decisions are consistent with the principle under California law that the statute of limitations may bar judicial remedies, but it does not extinguish the obligation of a debtor.  *See Department of Indus. Relations v. Seaboard Sur. Co.*, 50 Cal. App. 4th 1501, 1511 (1996).  As the debt remains, the mere attempt to collect that debt is not actionable.

1  barred debt[4] during the subsequent telephone conversation.  The court, therefore, focuses on the alleged

2  oral statements directed to plaintiff.  As detailed in section I above, during his telephone conversation with

3  plaintiff, defendant's employee allegedly stated that defendant would reduce the amount of plaintiff's debt if

4  plaintiff made an immediate payment.  The employee apparently then "told Plaintiff that failure to agree to

5  make payment would result in the debt being reported to the credit bureaus."  Compl. ¶ 10.  Finally, the

6  employee "told Plaintiff that if he [Plaintiff] did not work with him, further steps would be taken."  *Id.*

7      While defendant contends that plaintiff's claim fails because defendant's employee did not expressly

8  threaten litigation, plaintiff argues that the least sophisticated debtor would have understood the employee's

9  statements to constitute such a threat.  Defendant correctly identifies multiple cases which stand for the

10 proposition that absent a threat of litigation, a party's attempt to collect a time-barred debt does not violate

11 the FDCPA.  *See Freyermuth*, 248 F.3d at 771; *Reese*, 202 F.R.D. at 92-93; *Walker v. Cash Flow*

12 *Consultants*, 200 F.R.D. 613, 615-616 (N.D. Ill. 2001); *Wallace v. Capital One Bank*, 168 F. Supp.

13 2d 526 (D. Md. 2001); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D.N.M. 2000); *Johnson*,

14 2000 WL 1279661 at *2 (W.D. Tex. May 19, 2000); *Aronson v. Commercial Fin. Serv., Inc.*, 1997

15 No. Civ.A. 96-2113, 1997 WL 1038818 (W.D. Pa. 1997).  However, of the cases defendant cites, only

16 the Eighth Circuit opinion in *Freyermuth* involves language similar to the contested language here.[5]

17     In *Freyermuth*, the Eighth Circuit held that the following passage from a collection letter did not

18 convey a threat of litigation:

19     Our records show the amount due indicated below remains in our
     CHECKMATE PERMANENT BAD CHECK DATA FILE.  TO
20     PROTECT YOUR CHECK-WRITING PRIVILEGES, REMIT THE
     BALANCE DUE IMMEDIATELY (CASH OR MONEY ORDER
21     ONLY) . . . *To be sure of proper credit and to stop further procedure
     [sic], make your payment in full*.
22

23 *Freyermuth*, 248 F.3d at 769 (italics added).  After surveying the case law addressing a debt collector's

24 attempt to collect time-barred debt, the *Freyermuth* court noted that following the decision in *Kimber v.*

25 ─────────────

26     [4]    Plaintiff has not conceded that he incurred the debt in dispute.  The complaint, however,
    alternatively alleges that the disputed debt is time-barred.  Compl. ¶ 12.
27
     [5]    In fact, many of the cases cited by defendant either do not identify the language in question
28 or involve language that is not even arguably a threat of litigation.  *See Reese*, 202 F.R.D. at 92-93;
    *Walker*, 200 F.R.D. at 615-616; *Wallace v. Capital One Bank*, 168 F. Supp. 2d at 527.

1    *Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987), which held that the filing of a lawsuit to collect

2    time-barred debt violates the FDCPA, subsequent cases have "turned on the threat, or actual filing, of

3    litigation." *See Freyermuth*, 248 F.3d at 771. The court then explained that only one court – the *Stepney*

4    court – "has found a violation of the Act in the absence of an express threat of litigation when a creditor

5    attempts to collect on a time-barred debt." *Id.* (citing *Stepney*). Apparently concluding that the phrase "to

6    stop further procedure, make your payment in full" was not a threat of legal proceedings, the Eighth Circuit

7    granted summary judgment against the plaintiff. *See id*. at 771.

8        On the other end of the spectrum is *Stepney*, the primary case on which plaintiff relies. As

9    discussed in footnote three *supra*, the *Stepney* court concluded that plaintiff stated a cause of action under

10    the FDCPA where the defendant's letter stated: "THIS IS AN OPPORTUNITY TO RESOLVE YOUR

11    ACCOUNT WITH NO FURTHER COLLECTION ACTION BEING TAKEN AGAINST YOU."

12    *Stepney*, 1997 WL at *1. The court apparently found the threats of "further collection action" sufficient to

13    present the claim to the trier of fact. *See id.*; n.3 *supra*. Indeed, subsequent courts have concluded that

14    the threat of "further collection action" in *Stepney* was equivalent to a "thinly-veiled threat of future

15    litigation." *Walker*, 200 F.R.D. at 616; *see also Freyermuth*, 248 F.3d at 771 (threat of "further

16    collection action" in *Stepney* is an "express threat of litigation").

17        Thus, the question for this court is essentially whether the statements made to plaintiff are more akin

18    to the statements in *Freyermuth* or those in *Stepney*. While a close call, this court does not hold that as a

19    matter of law, it would be unreasonable for the least sophisticated debtor to interpret defendant's

20    statements as a threat of legal action. Having already threatened to report plaintiff's debt to the credit

21    bureaus, defendant told plaintiff that if he did not "work with" defendant, "further steps would be taken."

22    While this statement is vague, it begs the question of what additional steps – beyond reporting the debt to

23    credit bureaus – defendant could take. When considered in this light, the court concludes that the least

24    sophisticated debtor would be reasonable to interpret the threat of "further steps" to mean legal action.

25    Indeed, given our rather litigious society, an individual not well versed in the mechanics of debt collection

26    may very well consider legal action to be the next possible – and probable – "step." Also, the vague nature

27    of defendant's statement lends itself to such an interpretation. *See Tsenes v. Trans-Continental Credit &*

28    *Collection Corp.*, 892 F. Supp. 461, 465 (E.D.N.Y. 1995) (finding that, in view of its vagueness, the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS —C-02-05561 RMW
SJK                                         7

1   "least sophisticated consumer could construe" the statement "to withhold further action, return this statement

2   with payment in full" as a threat to commence legal action). Moreover, as defendant's employee threatened

3   "further steps" as the consequence for plaintiff's failure to "work with" it, the statements were no longer

4   consistent with an effort to seek voluntary payment from plaintiff. Accordingly, the court holds that as

5   alleged, plaintiff's complaint sufficiently states a cause of action under the FDCPA.[6]

6          B.      Plaintiff's claim under the Fair Credit Reporting Act

7          Defendant also seeks dismissal of plaintiff's claim under the FCRA. The court grants defendant's

8   motion.

9          Plaintiff essentially alleges – on information and belief – that defendant obtained his consumer report

10  from a consumer reporting agency under false pretenses and without a permissible purpose. *See* 15 U.S.C.

11  § 1681n(b). Plaintiff's claim is without merit.

12         "To prove a violation of Section 1681n(b), plaintiff must show that credit information was obtained

13  for an impermissible purpose – a showing of a permissible purpose is a complete defense." *Edge*, 64 F.

14  Supp. 2d at 117; *see also Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978) ("The standard for

15  determining whether a consumer report has been obtained under false pretenses will usually be defined in

16  relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b.").

17  "Where a permissible purpose for obtaining the credit information is demonstrated, then, as a matter of law,

18  the information cannot have been obtained under false pretenses." *Id.* (citing *Baker v. Bronx-Westchester*

19  *Investigations, Inc.*, 850 F. Supp. 260, 264 (S.D.N.Y. 1994).

20         The "permissible purposes" for obtaining credit information are set forth at 15 U.S.C. § 1681b.

21  *See* 15 U.S.C. § 1681b; *Hansen*, 582 F.2d at 1219. Under section 1681b(a)(3)(A), a party is permitted

22  to obtain an individual's credit information in connection with the collection of a debt. *See Hasburn v.*

23  *County of Los Angeles*, 323 F.3d 801, 2003 U.S. App. LEXIS 5381 at *4 (9th Cir. 2003) (citing *Edge*,

24  64 F. Supp. 2d 115). Here, plaintiff alleges that defendant "is a domestic corporation doing business

25  collecting consumer debts," that "the principal purpose of defendants is the collection of debts using the

26

27         [6]      Further, while plaintiff's complaint does not specifically allege a violation of section 1692g, it
    appears that he might be able to amend his complaint to state a cause of action thereunder. Defendant's
28  reply brief appears to acknowledge the potential for such a claim, *see* Reply at 5, but dismisses plaintiff
    argument on the ground that plaintiff makes no reference to section 1692g in his complaint.

1  mails and telephone, and [that] defendants regularly attempt to collect debts alleged to be due to another."

2  Compl. ¶ 4, 6.  Further, the letter which defendant sent plaintiff on August 20, 2002 plainly states that

3  defendant was attempting to collect a debt from plaintiff.  Since it appears that if in fact defendant obtained

4  plaintiff's consumer report it was in connection with an effort to collect a debt, plaintiff's FCRA claim fails.[7]

5  ### III.  ORDER

6       For the above reasons, the court grants and denies defendant's motion to dismiss as follows:

7      (1)     Defendant's motion to dismiss plaintiff's first cause of action under the FDCPA is denied.

8      (2)     Defendant's motion to dismiss plaintiff's third cause of action under the FCRA is granted.

9

10

11

12  DATED:     5/5/03           /s/ Ronald M. Whyte

13                                                         RONALD M. WHYTE
                                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26         [7]     Plaintiff's argument that defendant only obtained his consumer report for the impermissible

27  purpose to harass and intimidate him is unavailing.  *See* Opp'n at 9.  Not only is this theory not alleged in the complaint, but the fact that plaintiff may find defendant's efforts to collect a debt harassing does not transform defendant's purpose from permissible to impermissible.  Further, contrary to plaintiff's assertion,

28  section 1681b does not appear to require the existence of a debtor-creditor relationship for a party to lawfully acquire a consumer report.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS —C-02-05561 RMW
SJK

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Sharon L. Kinsley          cmcclele@consumeradvocate.net

4
     **Counsel for Defendant:**
5
     Charles D. Jenkins         cjenkins@jgn.com
6

7

8    Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
     e-filing under the court's CM/ECF program.
9

10

11
     **Dated:** _____5/5/03_____          /s/ SJK_____
12                                                      **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS —C-02-05561 RMW
SJK
                                              10